# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2505

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Lathez Nails

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 15, 2026
Filed: August 11, 2026

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

Marcus Nails pleaded guilty to two counts of a five-count indictment pursuant to a plea agreement that contained an appeal waiver. The district court[1] imposed a 156-month term of imprisonment. He now appeals, arguing that because the district

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

court misinterpreted his plea agreement, enforcing the appeal waiver would result in a miscarriage of justice.

I.

In December 2023, a superseding indictment charged Nails with five counts: two counts of possession with intent to distribute a mixture containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 1 and 3); one count of possession with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); one count of possessing a firearm in the furtherance of a federal drug trafficking crime after being convicted of a felony, in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count 4); and one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 5).

In September 2024, pursuant to a plea agreement, Nails pleaded guilty to Count 2 and Count 5, and the government agreed to dismiss the remaining counts. As relevant here, the plea agreement also contained the following stipulations:

> The defendant understands that the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable."

> [] The defendant understand[s] that he may not argue for a sentence of less than 12 years' imprisonment as to either Count 2 or Count 5; however, the Government may argue for any sentence authorized by law, including a sentence outside the Guidelines range[.]

And it included the following language in a paragraph entitled "Waiver of Appellate and Post-Conviction Rights":

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal

sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion or the imposition of an unreasonable sentence.

At sentencing, the district court started by addressing the parties' objections to the Presentence Investigation Report (PSR), which included a recommended advisory Guidelines range of 70 to 87 months. Nails objected to the application of USSG § 2K2.1(b)(4)(A), which states, "If [] any firearm was stolen, increase [base offense level] by 2 levels." Before overruling Nails's objection, the district court stated, "It's also my understanding that under the sentencing guidelines you can't argue for anything other than a 12-year sentence, so I am not real sure that this objection makes much difference to the ultimate sentence." Later, after discussing relevant aggravating and mitigating factors under 18 U.S.C. § 3553(a), the court said:

> I go through all this because I'm very conflicted as to what the appropriate sentence is. I most certainly can't go under the 144 months that was said to in the plea agreement. I think a sentence of 180 would be appropriate given the fact that that was the last sentence that you got, but given the fact that you are 60 years old, I am going to impose a sentence of 13 years, 156 months in the custody of the Bureau of Prisons.

Nails argues these two statements show the district court misinterpreted the plea agreement to include a provision that required it to impose a minimum 144-month sentence. As a result, Nails asserts, the court also imposed a substantively unreasonable sentence. The question for us is whether the issues Nails raises on appeal survive the appeal waiver.

## II.

"This court reviews de novo the validity and applicability of [Nails's] appeal waiver." United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010). Nails concedes

that his appeal waiver was knowing and voluntary and that the issues he raises fall within the scope of the waiver.[2] See United States v. Miller, 23 F.4th 817, 819 (8th Cir. 2022) (To find a defendant waived the right to appeal their sentence, the appellate court "must ensure that 'the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily.'" (quoting United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc)). However, he contends that enforcing the waiver here would result in a miscarriage of justice. See id. ("Even if the issue falls within the scope of the waiver, this court will not enforce the waiver if doing so would be a miscarriage of justice." (citing Andis, 333 F.3d at 890)); Hunter v. United States, 146 S. Ct. 1702, 1708 (2026) ("[A]n agreement not to appeal a sentence is unenforceable when it would result in a miscarriage of justice[.]"). More specifically, Nails asserts that the district court erroneously believed it was bound by the plea agreement to impose a minimum sentence when the agreement contained no such term. See United States v. Caster, No. 25-2103, 2026 WL 1994095, at *8 (8th Cir. July 10, 2026) ("We have recognized [a miscarriage of justice] for challenges to an illegal sentence, to a sentence that violates the terms of an agreement, and where ineffective assistance of counsel rendered the appeal waiver itself unknowing and involuntary." (quoting United States v. Williams, 81 F.4th 835, 840 (8th Cir. 2023)). We assume without deciding that this asserted error would constitute a miscarriage of justice and proceed accordingly.

The parties' plea agreement prevented Nails from arguing for a sentence shorter than 12 years, but it did not independently restrict the district court's

---

[2]For the first time in his Reply brief, Nails characterizes the asserted error as the district court unlawfully restricting its ability to abide by the statutory mandate in § 3553(a)(2) to "impose a sentence sufficient, but not greater than necessary." We will not consider this argument, United States v. Bird, 76 F.4th 758, 763 n.2 (8th Cir. 2023) (raising an argument for the first time in a reply brief is "too late for our review"), but note that the plea agreement preserved Nails's right to appeal an illegal sentence.

sentencing discretion. The parties also expressly agreed that the court was not bound by the Sentencing Guidelines and could impose any sentence authorized by law.

Nails views the district court's statements at sentencing as reflecting its erroneous belief that the plea agreement prohibited it from imposing a sentence below 144 months. Most notably, the court said, "I most certainly can't go under the 144 months that was said to in the plea agreement." But "what was said to in the plea agreement" was the limit on the length of sentence Nails could request at sentencing. The district court acknowledged this limitation early in the hearing when it recognized that Nails "can't argue for anything other than a 12-year sentence"— and it did so without identifying any limitations on its own discretion. In addition, the plea agreement was entered into "[p]ursuant to Rule 11(c)(1)(B)," meaning it was a non-binding plea agreement. See Fed. R. Crim. P. 11(c)(3)(B) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request."). And in the agreement, the parties stipulated that the district court "may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range."

Nails attempts to analogize the district court's statements in his case to the statements we held constituted reversible error in United States v. Smith, 573 F.3d 639, 660–61 (8th Cir. 2009). But in Smith, the sentencing court explicitly—and mistakenly—said it thought granting a downward variance was reversible error. Id. at 660 ("[F]or *every* variance that a judge does for a departure downwards, [the Eighth Circuit] essentially reverses. . . . [I]t's clear, coming from our circuit, they don't even want to see *any* type of variance downwards unless it can be so agreed to, almost, by the Government[.]"). The court made no similar statements here. Rather, immediately after discussing the 18 U.S.C. § 3553(a) factors, the district court explained, "I go through all this because I'm very conflicted as to what the appropriate sentence is. I most certainly can't go under the 144 months that was said to in the plea agreement. I think a sentence of 180 would be appropriate[.]" In context, the "most certainly" statement—coming right after a thorough review of the

sentencing factors it considered most relevant—reflected the court's assessment that a sentence under 144 months would be inappropriate, not that it was disallowed.

Because the district court did not misinterpret the plea agreement, enforcing the appeal waiver would not result in a miscarriage of justice.[3]

III.

The appeal is dismissed.[4]

_____

---

[3]Nails also asserts that the district court imposed a substantively unreasonable sentence. But he "expressly waive[d] his right" to do so in his plea agreement, which specifically disallows an appeal for "less serious sentencing errors, such as . . . the imposition of an unreasonable sentence," and he asserts no independent grounds for finding a miscarriage of justice here.

[4]The motion to dismiss is denied as moot.